UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA


| | | |
|---|---|---|
| John McCombs, | ) | **C/A No. 8:10-2406-RBH-BHH** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Ms. Holly Scaturo, *S.V.P.T.P. Director*; | ) | |
| Ms. S. Winston Woods, *Program Manager*; | ) | |
| Ms. Shiela Lindsey, *Admin. Asst.*; | ) | |
| Ms. Paula Prince, *Job Assignment Supervisor*; | ) | |
| Ms. Amaker, *Policy Writer*; | ) | |
| Mr. Bryant Morton, *Activity Therapy Supervisor*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____


### *Background of this Case*

The plaintiff is a person confined as a sexually violent predator.  He is challenging

what appears to be the Department of Mental Health equivalent of a custody level, access

to a job and other privileges, and access to a law library.  In his prayer for relief, the plaintiff

seeks damages, injunctive relief, and a declaratory judgment.


### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C.

§ 1915.[1] This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint or petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

### *Discussion*

"Involuntarily committed mental patients retain a liberty interest in conditions of reasonable care and safety and in reasonably nonrestrictive confinement conditions." *See McClam v. Chavez*, C/A No. 3:05-1795-TLW-JRM, 2006 WL 1663797 (D.S.C., June 8, 2006), *citing Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). "Due process requires that the conditions and duration of confinement under the SVP Act bear some reasonable relation to the purpose for which persons are committed." *Id.* Since the plaintiff's custody status resembles that of a pre-trial detainee, the plaintiff's conditions of confinement are

3

to be evaluated under the due process clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16 (1979).

The plaintiff's custody level within the Sexually Violent Predator Treatment Program does not raise a federal constitutional question. *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (noting that in determining what is reasonable courts must be mindful to minimize interference with the internal operations of an institution for civilly committed individuals). Although the plaintiff is not a prisoner, case law relating to custody-level determinations by jail or prison officials is closely on point. *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992) , *citing Meachum v. Fano*, 427 U.S. 215 (1976); and *Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978). Hence, the use of wrist bands of various colors to designate custody level does not violate the plaintiff's constitutional rights.

The plaintiff is not constitutionally entitled to a job while he is being treated in the Sexually Violent Predator Treatment Program. See *Allen v. Mayberg*, No. 1:06-cv-01801-AWI-GSA (PC), 2008 WL 5135629, *11 (E.D. Cal., Dec. 8, 2008) ("Because Plaintiff has neither a liberty interest nor a property interest in vocational placement, Plaintiff was not entitled to any procedural due process protections in conjunction with his vocational training/placement opportunities, or lack thereof."), and *Elliott v. Baker*, Case No. 01 C 0174, 2008 WL 4876871 (N.D. Ill. July 28, 2008) (the federal Constitution does not require state authorities to provide convicted prisoners with vocational opportunities and noting that "[t]he Court is unaware of any authority, nor does [plaintiff] cite any, suggesting that the rules are different for civilly committed persons.").

With respect to law library access and copies, the plaintiff has failed to show that his legal claims are being impeded, as required by *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded); *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989); *Carter v. Hutto*, 781 F.2d 1028, 1031-32 (4th Cir. 1986) (alleging that some of the legal documents destroyed were irreplaceable); and *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, litigant must allege and show that he or she has suffered an actual injury or specific harm to his or her litigation efforts as a result of the defendant's actions). In fact, the plaintiff's filing of this case demonstrates that the plaintiff is able to access the Clerk's Office of this federal district court. Moreover, the plaintiff has not been prejudiced by the lack of access to photocopies of his pleadings because the plaintiff was not required to submit copies of the complaint when he filed this case.

The plaintiff reveals that he is refusing to participate in the Sexually Violent Predator Treatment Program. *See* Complaint, at page 4: "Since I am little more than a political prisoner here, because I refuse to be forcibly submitted to this inferior program, I am being discriminated against, and held on red level designation indefinitely because I hold my right to refuse to be dunned." *See Strutton v. Meade*, No. 4:05CV02022 ERW, 2010 WL 1253715, *21-*22 & n. 11 (E.D. Mo. March 31, 2010) (denying relief sought by SVP who refused to participate in treatment). Moreover, the court in *Strutton v. Meade* commented: "For the Court to list all testimony supporting this point would be redundant; it suffices to say that the testimony at trial was convincing that resistance to mental health treatment is

an expected characteristic of persons involuntarily committed as sexual predators." 2010

WL 1253715 at *32.[2]  The Department of Mental Health was justified in taking into account

the plaintiff's refusal to participate in treatment.  *Cf. McKune v. Lile*, 536 U.S. 24, 49 (2002)

(finding that, in a case where an *inmate* refused to participate in a sexual abuse treatment

program, certain changes in living conditions, such as restrictions in visitation privileges,

reduction in wages from prison employment, and a transfer from a medium security to

maximum security facility program, were not "serious enough" to constitute unconstitutional

compulsion).


### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-

captioned case *without prejudice*.  *See Fitzgerald v. First East Seventh Street Tenants

Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts .  .  . are .  .  . capable of

determining when an action is frivolous.  Indeed, as courts of first instance, district courts

are especially likely to be exposed to frivolous actions, and thus have an even greater need

for inherent authority to dismiss such actions quickly in order to preserve scarce judicial

---

[2]The Supreme Court, moreover, in entertaining a constitutional challenge to the commitment requirements in the Kansas SVP Act, held that substantive due process is satisfied so long as a State conditions the involuntary commitment on a finding of dangerousness and a mental abnormality that makes it unlikely that the individual will be able to control his dangerous behavior, regardless of the availability or effectiveness of treatment in the SVP treatment program.  *See Kansas v. Hendricks*, 521 U.S. 346, 358-60 (1997), which is cited in *Strutton v. Meade*.  *See also Nicolaison v. Ludeman*, Civil No. 07-322407-3224 (RHK/JJG), 2008 WL 508549, *8 (D. Minn. Feb. 21, 2008) (involuntarily committed sex offender's right to treatment is not "clearly established" for purposes of 28 U.S.C. § 2254(d)(1), that *Youngberg* "only recognized a right to 'minimally adequate' treatment that reduces the need for restraints," and not a "comparable right to treatment that facilitates release"), which was a habeas corpus action.

resources."). It is also recommended that the District Court **deny** the plaintiff's motion for discovery (Entry No. 6) and the plaintiff's motion for law library access (Entry No. 7). **The plaintiff's attention is directed to the important Notice on the next page.**

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

September 22, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).